

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN                    AUSTIN 11, TEXAS
XXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL


Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:                         Refer to Division No. 106.

                                  Opinion No. 0-4195
                                  Re:  Would the holders of poll tax
                                       receipts for the year 1941
                                       (poll tax levy of 1940) or the
                                       holders of such receipts for
                                       the year 1942 (levy of 1941)
                                       be qualified to vote in a local
                                       option election to be held in
                                       January 1942?

We have given careful consideration to your recent letter from
which we quote:

     "We have been asked to furnish an opinion as to the
     qualifications for voting in a local option election
     to be held in January, 1942.  The question is whether
     or not the holders of poll tax receipts for the year
     1941 (poll tax levy of 1940) or the holders of poll tax
     levy of 1941) would be qualified to vote in such election.

     "While it seems apparent from the statutes that the
     qualification is for poll tax receipts for the year
     1941, since the question involves an interpretation of
     law under the general election statues, we would
     appreciate your direct advice on this question."

We respectfully refer you to Section 2 of Article VI of the
Constitution of Texas, reading in part as follows:

     "Every person subject to none of the foregoing disqualifi-
     cations (referring back to Section 1, Article 6, persons
     under age, idiots, paupers, etc.) who shall have attained
     the age of twenty-one years and who shall be a citizen of
     the United States and who shall have resided in this State
     one year next preceding an election and the last six months
     within the district or county in which such person offers
     to vote, shall be deemed a qualified elector; provided,

that electors living in any unorganized county may vote at any election precinct in the county to which such county is attached for judicial purposes; and provided further, that any voter who is subject to pay a poll tax under the laws of the State of Texas shall have paid said tax before offering to vote at any election in this State and hold a receipt showing that said poll tax was paid before the first day of February next preceding such election. * * *." (Emphasis ours)

Pursuant to the above constitutional provision, which by its terms is self-enacting, the Legislature enacted Article 2955 of the Revised Civil Statutes in almost the same language. The statute includes literally the above underscored language as contained in the Constitution.

This department has heretofore ruled that for elections held during the month of January of any year, a person required by law to have paid a poll tax, must hold a receipt showing payment of the tax prior to February 1st of the preceding year. See Opinion No. O-36, attached hereto.

Answering your question specifically, you are advised that it would be necessary for a voter, not otherwise exempt from the poll tax requirement, and participating in a local option election to be held in January, 1942, to have a poll tax receipt evidencing payment of same prior to February 1, 1941. Payment of the poll tax due prior to February 1, 1942 (currently payable) would not be sufficient under the above quoted constitutional provision and cited statute.

Yours very truly

ATTORNEY GENERAL OF TEXAS

S/ Benjamin Woodall

By

APPROVED DECEMBER 4, 1941           Benjamin Woodall
s/ Grover Sellers                        Assistant
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED Opinion Committee
By BWB, Chairman

BW:RS/cge